IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TGR INTELLECTUAL PROPERTIES, LLC and FLEXVIEW SYSTEMS, LLC<br><br>Plaintiffs,<br>vs.<br><br>PROMA, INC.<br><br>Defendants. | Case No.: 16-cv-11139<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs TGR Intellectual Properties, LLC ("TGR") and Flexview Systems, LLC ("Flexview"), by and through their undersigned attorneys, for their complaint against Defendant Proma, Inc. ("Proma"), hereby allege as follows:

### NATURE OF LAWSUIT

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

### THE PARTIES

2. Plaintiff TGR Intellectual Properties, LLC is a North Carolina limited liability company with its principal place of business at 7751 Ballantyne Commons Pkwy #101, Charlotte, North Carolina 28277. TGR is the assignee of United States Patent Nos. 7,828,252, 8,128,041, 8,201,781, 8,403,274, 8,702,045 and 9,256,911, among others. TGR is owned by Dr. Shannon G. Parsons, a periodontist, the inventor of the patents.

3. Plaintiff Flexview Systems, LLC is a North Carolina limited liability company with its principal place of business at 7751 Ballantyne Commons Pkwy #101, Charlotte, North Carolina 28277. Flexview manufactures and sells patented Flexview$^{TM}$ monitor mounting systems under license from TGR. Flexview is also owned by Dr. Parsons.

4. Defendant Proma, Inc. is a California Corporation with its principal place of business at 730 E. Kingshill Place, Carson, California 90746. Defendant Proma, Inc. sells and offers for sale products that infringe the asserted patents through its authorized dealers in this jurisdiction including Benco Dental of Wood Dale, Illinois, Dental Health Products of Bensenville, Illinois, Henry Schein Dental of Elmhurst, Illinois, Holt Dental Supply of Des Plaines, Illinois and Patterson Dental Supply of Wood Dale, Illinois. Defendant Proma, Inc. transacts business and has offered to provide and/or provided products in this judicial district and throughout the State of Illinois that infringe claims of the asserted patents.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## ALLEGATIONS COMMON TO ALL COUNTS

6. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,828,252 ("the '252 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on November 9, 2010. A copy of the '252 patent is attached as Exhibit 1. Flexview is the exclusive licensee of the '252 patent.

7. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,128,041 ("the '041 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on March 6, 2012. A copy of the '041 patent is attached as Exhibit 2. Flexview is the exclusive licensee of the '041 patent.

8. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,201,781 ("the '781 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on June 19, 2012. A copy of the '781 patent is attached as Exhibit 3. Flexview is the exclusive licensee of the '781 patent.

9. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,403,274 ("the '274 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on March 26, 2013. A copy of the '274 patent is attached as Exhibit 4. Flexview is the exclusive licensee of the '274 patent.

10. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 8,702,045 ("the '045 patent"), entitled "Adjustably Positionable Display and Lighting Arrangement," issued on April 22, 2014. A copy of the '045 patent is attached as Exhibit 5. Flexview is the exclusive licensee of the '045 patent.

11. TGR owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 9,256,911 ("the '911 patent"), entitled "Method for Providing Health Care Service to a Patient Utilizing an Electronic Display," issued on February 9, 2016. A copy of the '911 patent is attached as Exhibit 6. Flexview is the exclusive licensee of the '911 patent.

12. Flexview manufactures and sells monitor mounting systems, including the Flexview[TM] Pro.

13. Flexview[TM] monitor mounting systems are typically sold for use in dental offices, but may also be used in other medical applications. The system is designed for

optimal placement of a video screen for viewing by a dental patient, taking into consideration that a dental light must often also be used in conjunction with the video screen.

14. Flexview™ monitor mounting systems practice the inventions claimed in the patents asserted in this litigation, and have been marked with the '252 patent number during all applicable time periods.

15. Flexview's monitor mounting systems have been promoted and displayed at dental industry trade shows since at least 2005.

16. Proma sells equipment for use in dental offices including dental lights and monitor mounts.

17. Proma sells a Dual Cabinet-Mount Light and Monitor Wall/Side Cabinet Mount and Dual Track Light and Monitor (collectively, "Proma Monitor Mounts"), as shown below:



Proma Dual Cabinet-Mount Light and Monitor Wall/Side Cabinet Mount

4



Dual Track Light and Monitor

18. The Proma Monitor Mounts enable the mounting of a video screen in a dental office for viewing of the video screen by a dental patient in a dental chair.

19. A monitor mounted with the Proma Monitor Mounts may be disposed in a horizontal position, and suspended directly above the headrest of a dental chair for viewing by a patient in the dental chair.

20. Proma provides instruction and directions for purchasers regarding the installation and use of the Proma Monitor Mounts.

21. Proma was notified by TGR and Flexview that the Proma Monitor Mounts infringe claims of the '252, '041, '781, '274, '045 and '911 patents by a letter dated June 17, 2016.

22. Despite the letter from TGR and Flexview dated June 17, 2016, Proma continued making, using, selling and offering for sale Proma Monitor Mounts.

## COUNT I

### DIRECT INFRINGEMENT

23. Plaintiffs incorporate by reference the allegations of Paragraphs 1-22.

24. Proma has directly infringed claims of the '252, '041, '781, '274 and '045 patents through, among other activities, making, using, selling and/or offering for sale Proma Monitor Mounts in conjunction with a dental chair.

25. Proma has made, used, sold and offered for sale Proma Monitor Mounts in conjunction with a dental chair with knowledge of the '252, '041, '781, '274 and '045 patents.

26. Proma has made, used, sold and offered for sale Proma Monitor Mounts in conjunction with a dental chair despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Proma.

27. Proma has willfully infringed claims of the '252, '041, '781, '274 and '045 patents by making, using, selling and offering for sale Proma Monitor Mounts in conjunction with an overhead dental light and dental chair.

## COUNT II

### CONTRIBUTORY INFRINGEMENT

28. Plaintiffs incorporate by reference the allegations of Paragraphs 1-27.

29. Proma has contributed to the infringement of claims of the '252, '041, '781, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale Proma Monitor Mounts to dental offices.

6

30. The Proma Monitor Mounts are a material component of the electronic display and lighting arrangement claimed in the '252, '041, '781, '274 and '045 patents.

31. The Proma Monitor Mounts are a material component of the method for providing healthcare service to a patient claimed in the '911 patent.

32. Since at least approximately June 17, 2016, Proma has known that the Proma Monitor Mounts are especially made or adapted for use in infringement of the '252, '041, '781, '274, '045 and '911 patents, and were not a staple article or commodity of commerce suitable for substantial noninfringing use in the dental office market.

33. Proma has sold and offered for sale the Proma Monitor Mounts in the dental office market despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Proma.

34. Proma has willfully infringed claims of the '252, '041, '781, '274, '045 and '911 patents by selling and offering for sale Proma Monitor Mounts to the dental office market.

## COUNT III

## INDUCED INFRINGEMENT

35. Plaintiffs incorporate by reference the allegations of Paragraphs 1-34.

36. Proma has induced infringement of claims of the '252, '041, '781, '274, '045 and '911 patents through, among other activities, selling and/or offering for sale Proma Monitor Mounts to dental offices with the specific intent that the Proma Monitor Mounts would be installed for use in dental offices in conjunction with dental chairs, and with full

7

knowledge and awareness that such induced acts constituted infringement of the '252, '041, '781, '274, '045 and '911 patents.

37. Proma has sold Proma Monitor Mounts to the dental office market with the knowledge and intent that the Proma Monitor Mounts would be installed and used in conjunction with a dental chair.

38. Plaintiffs have prominently marketed, promoted and displayed their Flexview™ monitor mounting systems at dental industry trade shows since at least 2005.

39. Since at least approximately June 17, 2016, Proma has had actual knowledge of the '252, '041, '781, '274, '045 and '911 patents.

40. Since at least approximately June 17, 2016, Proma has had actual knowledge that the Proma Monitor Mounts, when used as intended in a dental office in conjunction with a dental chair, infringed claims of the '252, '041, '781, '274, '045 and '911 patents, and sales of the Proma Monitor Mounts to the dental office market would therefore induce infringement of the patents.

41. Proma sold and offered for sale Proma Monitor Mounts in the dental office market despite an objectively high likelihood that its actions would induce infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Proma.

42. Proma has willfully induced infringement of claims of the '252, '041, '781, '274, '045 and '911 patents by selling and offering for sale Proma Monitor Mounts to the dental office market.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against Proma, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.  An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the Plaintiffs' patents began;

B.  Increased damages as permitted under 35 U.S.C. § 284;

C.  A finding that this case is exceptional and an award to Plaintiffs of their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.  A permanent injunction prohibiting further infringement, inducement and contributory infringement of the asserted patents; and

E.  Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Dated: December 7, 2016　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 /s/ Anthony E. Dowell
　　　　　　　　　　　　　　　　　　　Anthony E. Dowell
　　　　　　　　　　　　　　　　　　　aedowell@dowellip.com
　　　　　　　　　　　　　　　　　　　DOWELL IP
　　　　　　　　　　　　　　　　　　　333 W. North Ave #341
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60610
　　　　　　　　　　　　　　　　　　　Phone: (312) 291-8351

　　　　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFFS**
　　　　　　　　　　　　　　　　　　　**TGR INTELLECTUAL PROPERTIES, LLC**
　　　　　　　　　　　　　　　　　　　**AND FLEXVIEW SYSTEMS, LLC**